The Honorable Lu Hardin State Senator 2500 West Second Court Russellville, Arkansas 72801
Dear Senator Hardin:
This is in response to your request for an opinion regarding the impact of Act 1211 of 1995 upon the Arkansas Advisory Council for Vocational Technical Education (the "Council"), and on the authority of the State of Arkansas to restrict, in general, the provision of per diem and expense reimbursement for a federally mandated board, commission, or council.
Section 2 of Act 1211 permits each state board, as defined therein, to authorize expense reimbursement to its members performing official board duties in an amount not to exceed the rate established for state employees by state travel regulations. Sections 3, 4, and 5 of Act 1211 permit those state boards specified by name therein (the Council is not
named therein) to pay to their members stipends for attending meetings, not to exceed the amounts stated therein, in addition to the expense reimbursement permitted by section 2. In my view, the legislature intended that a state board would not be permitted to pay stipends for attending meetings unless the board is mentioned by name in section 3, 4, or 5 of Act 1211. "State board" is defined in Act 1211 as "every state board, commission, committee, council, task force, and similar entity," with exceptions not relevant here.
You indicate that the Council was established under the Carl D. Perkins Vocational and Applied Technology Education Act, codified generally at20 U.S.C. §§ 2301 et seq. (the "Perkins Act"). It appears that the specific statute governing the establishment and operations of the Council is20 U.S.C. § 2322, which states in relevant part as follows:
 (a) Establishment; membership. [E]ach State which desires to participate in vocational education programs authorized by this Act for any fiscal year shall establish a State council. . . .
 (f) Authorization of appropriations for grants to councils; amounts of grants; expenditure of funds. (1)(A) [T]he Secretary [of Education] shall . . . make grants . . . to each State council. . . . (2) The expenditure of the funds paid pursuant to this subsection is to be determined solely by the State council for carrying out its functions under this Act, and may not be diverted or reprogrammed for any other purpose by any State board, agency, or individual.
A regulation of the Department of Education similarly provides that "[t]he expenditure of funds awarded to a State council . . . must be solely determined by that State council and may not be diverted or reprogrammed for any other purpose by any State board, agency, or individual." 34 C.F.R. § 430.19(c)(2)(i).
As an initial matter, it is my opinion that the Council is a "state board" within the meaning of Act 1211. Although the Perkins Act sets forth the composition, manner of appointment, and functions and duties of the state councils, and provides for federal grants to them, it also clearly states that the councils are established by the states, and need be established only by those states wishing to participate in programs under the Perkins Act.
It is my further opinion that, due to the provisions of20 U.S.C. § 2322(f)(2), Act 1211 is not effective to place any limit upon expense reimbursements or per diem payments by the Council from grants to the Council by the Secretary of Education; Act 1211's application to such payments by the Council is precluded by that federal statute. As noted above, 20 U.S.C. § 2322(f)(2) provides that the expenditure of federal funds paid to the Council "is to be determined solely by the [Council] for carrying out its functions under this Act" and a regulation adopted thereunder is to the same effect. The statute contains a clear statement of Congressional intent to preserve the independence of state councils by preventing state attempts to control their expenditures of federal funds. Compliance with both 20 U.S.C. § 2322(f)(2) and Act 1211 would be impossible if the Council determined that expense reimbursement and perdiem payments in excess of the amounts permitted by Act 1211 were necessary "for carrying out its functions under" the Perkins Act. The federal statute occupies the field, leaving no room for the state to legislate restrictions thereon. Act 1211 also could stand as an obstacle to the achievement of the objectives of Congress in adopting20 U.S.C. § 2322(f)(2), which apparently was to ensure a high degree of autonomy in bodies like the Council. The presence of these factors clearly indicates that the federal statute preempts Act 1211 in this context.See Capital Cities Cable, Inc. v. Crisp, 467 U.S. 691, 104 S.Ct. 2694,81 L.Ed.2d 580 (1984), Wal-Mart Stores, Inc. v. American Drugs, Inc.,319 Ark. 214, ___ S.W.2d ___ (January 9, 1995).
My staff has been informed orally that the Office of the General Counsel, Department of Education, concurs with the foregoing opinion.
It should be noted that, while Act 1211 will not directly control the Council's expense reimbursement and per diem payments, it likely will be referred to in any inquiry regarding their amount. The Council's expenditure of federal funds is governed by federal law. Costs incurred by the Council to be paid with federal funds must be "necessary and reasonable for proper and efficient performance and administration of the grant programs. . . ." Office of Management and Budget, Cost Principlesfor State and Local Governments (Circular A-87), 46 Fed. Reg. 9548, 9549 (January 28, 1981). Such costs also must be "consistent with policies, regulations, and procedures that apply uniformly to both federally assisted and other activities of the unit of government of which the grantee is a part." Id. The OMB has issued a revised Circular A-87 (see60 Fed. Reg. 26,484 (May 17, 1995)), containing provisions substantially identical to those quoted above and pursuant to which, in determining whether a cost is reasonable, consideration will be given to several factors, including "[t]he restraints or requirements imposed by . . . Federal, State and other laws and regulations. . . ." Id. at 26,492. Act 1211 accordingly may well serve as a guideline to the Council in determining per diem and reimbursement amounts, if any.
With regard to your second question, it is my opinion that the State of Arkansas generally has authority to restrict the provision of per diem
and expense reimbursement for a federally mandated board, commission, or council. Such bodies, while mandated by federal law, still would be instrumentalities of the state and subject to the state's general supervision and control. As illustrated above, however, applicable provisions of federal law must be examined in order to ascertain the state's authority in particular cases.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh